UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREIA ROSA DOS SANTOS,

                    Plaintiff,

        -against-

JPMORGAN CHASE & CO. et al.,

                  Defendants.

1:26-CV-3456 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

Plaintiff Andreia Rosa Dos Santos brings this action *pro se*, asserting claims under the Copyright Act and the Visual Artists Rights Act.  She seeks injunctive and declaratory relief, attorney's fees, costs, and damages. Plaintiff sues: (1) JPMorgan Chase & Co. ("Chase"), of New York, New York; (2) Gerhard Richter, a German artist, residing in Cologne, Germany; (3) Joe Hage Aaronson, "a lawyer, founder and managing partner of the private limited firm Joseph Hage Aaronson, with [its] principal office, activities and contacts" in New York, New York; (4) David Zwirner, "an American art dealer . . . [and] the owner and director of David Zwirner Galleries, . . . [who has] his principal contacts and activities located" in New York, New York; (5) David Zwirner Galleries ("DZG"), of New York, New York; and (6) unidentified "Does 1 – 5," which are described as "affiliated entities or persons acting in concert with [the abovementioned] Defendants."[1] She has also filed a motion for permission for electronic case filing. (ECF 8.)

On April 29, 2026, the court granted Plaintiff leave to proceed in this action without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs the United States

---

[1]      Plaintiff alleges little or nothing about the unidentified defendants.

Marshals Service ("USMS") to serve Chase, Hage Aaronson, Zwirner, and DZG pursuant to 28

U.S.C. § 1915(d) and Rule 4(c)(3) of the Federal Rules of Civil Procedure, and directs the Clerk

of Court to issue Plaintiff a summons for Richter for the purpose of having Richter served,

without the aid of the USMS, pursuant to Rule 4(f) of those same rules.

## DISCUSSION

**A.    Service on Chase, Hage Aaronson, Zwirner, and DZG**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the assistance of the Court and the USMS to effect service on Chase, Hage Aaronson, Zwirner,

DZG.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d)

("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P.

4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Chase, Hage Aaronson, Zwirner, and DZG through

the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form

("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue

summonses for Chase, Hage Aaronson, Zwirner, and DZG and deliver to the USMS all the

paperwork necessary for the USMS to effect service of summonses and the complaint on Chase,

Hage Aaronson, Zwirner, and DZG.

If summonses and the complaint are not served on Chase, Hage Aaronson, Zwirner, and

DZG within 90 days after the date that summonses for Chase, Hage Aaronson, Zwirner, and

---

[2]    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on Chase, Hage Aaronson, Zwirner, and DZG until the Court reviewed the complaint and ordered that summonses be issued for Chase, Hage Aaronson, Zwirner, and DZG. The Court therefore extends the time to serve Chase, Hage Aaronson, Zwirner, and DZG until 90 days after the date that summonses for Chase, Hage Aaronson, Zwirner, and DZG issue.

DZG are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her mailing address changes, and the Court may dismiss this action if she fails to do so.

**B.    Service on Richter**

Rule 4(f) of the Federal Rules of Civil Procedure ("Rule 4(f)") provides the means by which an individual located outside of the United States may be served, which normally includes service authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). The Federal Republic of Germany ("Germany"), where Plaintiff alleges Richter is located, is a signatory to the Hague Convention.[3] Germany, however, has objected to Article 10 of that treaty, which permits service by postal channels. Service on a party in Germany must therefore be carried out by an attorney or the Clerk of Court sending the documents to the German Central Authority, which will then serve the documents on the party. Germany's Central Authority, however, will only arrange for service if all documents to be served are in duplicate, with both sets of the documents to be served translated into German or accompanied by a German translation.

Because the USMS will not serve a defendant that is located outside of the United States, and because the Clerk of Court cannot pay for the translation of documents, Plaintiff is responsible for serving Richter. Plaintiff may either request that Richter waive service under Rule 4(d) of the Federal Rules of Civil Procedure or she must have Richter served in some manner permitted under Rule 4(f) without the assistance of the USMS.  Plaintiff is hereby

---

[3]    *See* Hague Conference on Private International Law, Germany – Central Authority & Practice Information, https://www.hcch.net/index.cfm?oldlang=en&act=authorities. details& aid=257 (last viewed June 22, 2026).

ORDERED to either effect service on Richter or file a letter updating the Court on her efforts, if any, to serve Richter by **March 25, 2027**.

The Court therefore directs the Clerk of Court to issue a summons for Gerhard Richter and to mail it directly to Plaintiff. The 90-day period for service included in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") does not apply to service on a defendant outside of the United States under Rule 4(f). *See* Fed. R. Civ. P. 4(m). Plaintiff, however, should exercise due diligence in effecting service on Richter. *See, e.g.*, *SEC v. Shehyn*, No. 04-CV-2003 (LAP), 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) (noting that "courts have used a 'flexible due diligence' standard in determining whether service of process under Rule 4(f) is timely" and citing cases (internal citations and quotation marks omitted)); *see also DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010) (summary order) (noting that the Second Circuit "previously held inapplicable the foreign country exception to [Rule] 4(m)'s . . . time limit for service where a party did not attempt service within the . . . limit and 'ha[d] not exactly bent over backward to effect service'" (quoting *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)); *USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) (explaining that the exception in Rule 4(m) "does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country").

C.      **The Court's Practices in *Pro Se* Cases**

**All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at <u>https://nysd.uscourts.gov/judge/Furman</u>.**

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in

4

PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.[4] No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers.  The Clinic may be able to provide Plaintiff with advice in connection with this case.  The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybar justicecenter.org/projects/federal-pro-se-legal-assistance-project.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants JPMorgan Chase & Co., Joe Hage Aaronson, David Zwirner, and David Zwirner Galleries; (2) complete USM-285 forms with the service addresses for these Defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of these Defendants to the United States Marshals Service.

---

[4]    In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand.  Additionally, as noted in the Court's Individual Rules and Practices, a *pro se* party may move for leave to participate as an ECF filer; if granted leave, the *pro se* party can file documents on ECF.

The Court further directs the Clerk of Court to issue a summons for Defendant Gerhard Richter and to mail it directly to Plaintiff. Plaintiff is solely responsible for having Richter served pursuant to Rule 4(f) of the Federal Rules of Civil Procedure. In the alternative, Plaintiff may request that Richter waive service pursuant to Rule 4(d) of those same rules.

Because Plaintiff does not indicate whether she completed the applicable training course, and does not clearly indicate whether she has all of the required equipment for electronic case filing, the Court denies Plaintiff's motion for permission for electronic case filing (ECF 8) without prejudice to Plaintiff's filing another such motion at a later date. The Court therefore directs the Clerk of Court to terminate ECF 8 on the electronic docket of this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 25, 2026
          New York, New York

_____
JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1.  JPMorgan Chase & Co.
    270 Park Avenue
    New York, New York 10017-2070

2.  Joe Hage Aaronson
    Joseph Hage Aaronson LLC
    800 Third Avenue
    30th Floor
    New York, New York 10022

3.  David Zwirner
    David Zwirner Galleries
    537 West 20th Street
    New York, New York 10011

4.  David Zwirner Galleries
    537 West 20th Street
    New York, New York 10011

Revised: July 1, 2024

**INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES**
**Jesse M. Furman, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2. **Filing of Papers and Service**

   A. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/ default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/ default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

   B. **Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

      i. delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

      ii. emailing them as an attachment in PDF format to prose@nysd.uscourts. gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov /electronic-case-filing; or

      iii. filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion -for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

   C. **Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

3. **Discovery**

   All requests for discovery by a *pro se* party should be sent to counsel for the party from

2

whom discovery is sought.  Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference.  If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4.  **Motions**

   A.  **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B.  ***Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   C.  **Special Rule for Summary Judgment Motions.**  With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

   D.  **No Courtesy Copies.**  Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

   E.  **Oral Argument.**  Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5.  **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties.  Unless and until the Court orders otherwise, the conference will be held remotely by telephone using the Court's dedicated conference line, which can be access by calling (888) 363-4749 and then entering Access Code 542-1540, followed by the pound (#) key.  If any party wishes for the conference to be conducted in person or by videoconference, he or she should confer with all other parties and promptly file a letter to that effect with the Court.  The parties should consult the relevant scheduling order for additional information and guidance.

6.  **Trial Documents**

   A.  **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office.  Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

   B.  **Other Pretrial Filings.**  If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.  At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd. uscourts.gov), in both .pdf and Microsoft Word formats.  The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7.  ***Pro Se* Clinic**

   There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers.  The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case.  The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.  Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  An unrepresented party can make an appointment by visiting the Clinic's website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.

4